SEÍN, DEMANDANTE Y APELANTE, *v.* GONZÁLEZ ET AL.,
DEMANDADOS Y APELADOS.

Apelación procedente de la Corte de Distrito de Aguadilla
en pleito sobre tercería.

No. 1751.—Resuelto en julio 27, 1918.

INTERVENCIÓN—SUBROGACIÓN CONVENCIONAL—ASIGNACIÓN DE DEUDA.—Entre el
demandante en un pleito en que se embarga dinero que está en manos de un
municipio como perteneciente a un contratista de obras públicas, y otro
acreedor que interviene como cesionario del demandado primitivo, el traspaso
hecho por dicho contratista a favor del interventor, de su derecho e interés
en los plazos del contrato de construcción, no está viciado por la regla ge-
neral de que la consumación de una subrogación convencional exige la par-
ticipación y consentimiento en la misma de tres partes, a saber, el acreedor
original, la persona que lo substituye y el deudor.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. José D. Rodríguez* y *Abra-
ham Peña.*

Abogados de los apelados: *Sres. Francis & Soto.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del
tribunal.

Juan B. Seín intervino como tercerista en un pleito pen-
diente en la Corte de Distrito de Aguadilla y en su demanda
de tercería alegó:

"2. Que el demandado Jesús Ma. González, en un pleito enta-
blado contra el otro demandado Rafael García Soler, ante esta Hon.
Corte en cobro de una suma mayor de seiscientos dollars embargó
como de la propiedad del demandado el diez por ciento que a dicho
Rafael García Soler adeuda el Municipio de Lares como contratista
que dicho García Soler fué de la construcción del acueducto del
pueblo de Lares; y que dicho embargo fué efectuado en 14 de abril
de 1916.

"3. Que para la fecha del embargo y desde el 26 de enero de
1916, el demandante Juan Bautista Seín, era y es dueño de esa suma
del diez por ciento que el Municipio de Lares adeuda y el cual as-
ciende a una suma superior a tres mil dollars, en virtud de haber
sido subrogado por el contratista Rafael García Soler en su propio
lugar y derecho para el cobro de dicha suma cuya transacción se
efectuó para cobrar el demandante una suma superior a ocho mil

dollars que había adelantado para la construcción de las obras del referido acueducto y de las cantidades que desembolsó con posterioridad al 26 de enero de 1916.''

Después de un juicio sobre los méritos del caso se desestimó la demanda del tercerista.

En una escritura firmada ante notario, de fecha enero 26, 1916, y presentada como prueba, se hace constar:

''*Primero*.—Que don Rafael García Soler es el contratista de las obras del acueducto de esta población y que para la construcción del mismo se halla asociado con don Francisco Paralitici.

''*Segundo*.—Que como esta sociedad es privada los pagos se le hacen directamente al contratista don Rafael García mediante certificados mensuales de las obras ejecutadas. Que además de acuerdo con el valor de la obra tienen un diez por ciento a fondo.

''*Tercero*.—Que han tomado a crédito materiales, efectos y dinero a diversos personas, adeudando actualmente lo siguiente:

''A F. Elizalde Lecaroz, trescientos tres dólares diez y seis centavos; a Sbert y Márquez doscientos veinte y ocho dólares noventa y siete centavos; a Alcover & Compañía, novecientos cincuenta dólares; a Adriano González, trescientos sesenta y nueve dólares ochenta y seis centavos; a Márquez y Compañía, quinientos treinta y cinco dólares; a Juan B. Seín, seis mil ochenta y seis dólares cuatro centavos.

''Que las sumas antes expresadas hacen un total de ocho mil cuatrocientos setenta y tres dólares tres centavos, de cuya suma total se ha hecho cargo el Sr. Seín, por lo que el compareciente don Rafael García Soler a nombre de la sociedad constructora reconoce ser deudor al Sr. Seín de dicha suma total.

''*Cuarto*.—Que como aun hay que hacer varios pagos de ·materiales y de peones, don Rafael García Soler autoriza por la presente a don Juan Bautista Seín para que satisfaga las cantidades necesarias a tal objeto entregándolas al Sr. Paralitici previos comprobantes aprobados por el Sr. García.

''*Quinto*.—Que para pagar a don Juan B. Seín la suma adeudada de ocho mil cuatrocientos setenta y tres dólares cuatro centavos y las cantidades que en el futuro desembolse don Rafael García Soler subroga a don Juan B. Seín en su propio lugar y derecho, para cobrar y percibir todas las cantidades que el Municipio de Lares haya de satisfacer al Sr. García como contratista de las obras del acueducto incluso el diez por ciento que ha de satisfacerle después de

terminadas las obras. Al terminarse dichas obras se hará una liquidación entre el Sr. García Soler en nombre de la sociedad constructora y el Sr. Seín, cobrando o pagando cada uno lo que en virtud de dicha liquidación le corresponda.

"Con estos antecedentes otorgan la siguiente: cláusula única: Don Rafael García Soler subroga a don Juan B. Seín en su propio lugar y derecho para percibir los pagos de toda clase que en su carácter de contratista de las obras del acueducto de Lares, ha de hacerle el municipio de esta población dándole poder para poder endosar y firmar todos los cheques, los cuales el municipio entregará al Sr. Seín.

Esta prueba documental fué suplementada por las declaraciones de testigos sobre las mismas cuestiones, particularmente la del alcalde de Lares en cuanto al aviso que se le había dado junto con la copia de la escritura que envió al Departamento del Interior en San Juan.

Del récord no aparece cuál era la teoría sustentada por la corte de distrito, pero en apoyo de la sentencia el apelado arguye:

1. Que no hubo subrogación por parte del tercerista en los derechos de los acreedores de García.

2. Que si tal subrogación se hubiera demostrado Seín no hubiera podido adquirir otros derechos que los que conservaban los acreedores y ellos no podrían demandar en tercería.

3. Que el interventor o tercerista no puede presentar para sostener su teoría de subrogación una deuda originada directamente de García Soler para con él porque el pago tenía que ser sobre la deuda de otro." 37 Cyc. 374, 375.

4. Que no hubo tal subrogación: (*a*) Porque de la prueba no aparece que Seín pagara a García la cantidad completa del diez por ciento en cuestión, necesaria para efectuar la dicha subrogación, pero que sólo establece una deuda de García a Seín y una garantía de otras deudas pendientes de pago por García a varios acreedores; y (*b*) porque el convenio o contrato entre García y Seín era un mero poder y no una subrogación convencional.

Es contestación suficiente a las tres primeras proposiciones indicadas decir que en este caso la alegada subroga-

ción es convencional y no legal y que el interventor sostiene haberse subrogado en los derechos de García y no en los de los demás acreedores.

El apelante ha omitido citar autoridad alguna en apoyo de la razón apuntada en primer lugar como base para la conclusión presentada en la cuarta proposición y no vemos por qué el dinero adelantado, la promesa de futuros abonos y el propósito de saldar ciertas deudas ya contraídas y garantizadas por Seín no puedan constituir una causa válida para la cesión de los derechos de García en cuanto a los futuros créditos o pagos bajo las condiciones del contrato de obras celebrado con el ayuntamiento. También creemos que el documento notarial tiene más fuerza que la de un mero poder y que muestra muy claramente la intención de transmitir y ceder los derechos, títulos e intereses de García en todos los plazos pendientes de pago originados por los términos del contrato de obras, incluyendo el diez por ciento pagadero a la terminación del trabajo. El convenio de devolver a García por parte de Seín el sobrante, de existir alguno, sobre la cantidad necesaria y suficiente para reembolsar a Seín la cantidad completa no sólo parece ser enteramente compatible con esta teoría del contrato sino que muy bien puede estimarse como causa adicional de la cesión.

Aunque el apelado cita también del tomo 8 de Manresa, página 436, lo que sigue:

"La subrogación convencional salvo en caso especial, de que trata el artículo 1211, necesita la intervención y el consentimiento de tres personas: el acreedor primitivo, el que le substituye y el deudor."

Sin embargo, el mismo autor en el párrafo siguiente dice:

"Lo dicho no excluye ni estorba la facultad que al acreedor asiste para transmitir su crédito a otra persona que lo acepta, sin el consentimiento del deudor; pero en tal caso no hay *novación de contrato* y sí *cesión de derechos* entre cuyos actos hay una indudable diferencia teórica, que puede traducirse en distintos efectos prácticos. En la novación se extingue un crédito y aparece otro, que se invoca por el nuevo acreedor como propio; en la cesión éste representa un derecho

que pertenecía a otro y que al transmitirse no se ha extinguido.   En la cesión los efectos respecto del deudor arrancan de la notificación; en la subrogación convencional de que hablamos, desde el momento mismo de la novación.''

En el mismo sentido se pronuncia Novoa Seoane en su obra ''El Progreso del Instrumento Público,'' 2ª. edición, página 609, al decir: ''3º. Subrogación a un tercero en los derechos del acreedor, lo cual debe hacerse con el consentimiento del deudor *pues de lo contrario no sería novación sino cesión de acciones.*''

La sentencia apelada debe revocarse.

> *Revocada la sentencia apelada y dictada otra declarando con lugar la demanda del interventor y nulo el embargo a que la misma se refiere.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.